1

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - -   X

UNITED STATES OF AMERICA,    :    12-CR-763

        Plaintiff ,          :
                                  United States Courthouse
    -against-                :    Brooklyn, New York

HSBC Bank USA, N.A. et al., :
                                  February 15, 2013
        Defendants.          :    11:30 o'clock  a.m.

- - - - - - - - - - - - -   X

              TRANSCRIPT OF STATUS CONFERENCE
           BEFORE THE HONORABLE JOHN GLEESON
                UNITED STATES DISTRICT JUDGE.

APPEARANCES:

For the Government:          LORETTA LYNCH
                             United States Attorney
                             BY: ALEXANDER SOLOMON
                                 DANIEL SILVER
                             Assistant United States Attorneys
                             271 Cadman Plaza East
                             Brooklyn, New York

                             DEPARTMENT OF JUSTICE
                             BY:  JOSEPH MARKEL
                                  CRAIG M. TIMM

For the Defendants:          CAHILL GORDON & REINDEL LLP
                             80 Pine Street
                             New York, NY 10005

                             BY: DAVID NOEL KELLEY, ESQ.
                                 SAMUEL W. SEYMOUR, ESQ.

Court Reporter:              Charleane M. Heading
                             225 Cadman Plaza East
                             Brooklyn, New York
                             (718) 613-2643

Proceedings recorded by mechanical stenography, transcript
produced by computer-aided transcription.


              CMH    OCR    RMR    CRR    FCRR
```

1          THE CLERK:  United States versus HSBC Bank.
2          Counsel, please come forward.
3          MR. KELLEY:  Good morning, Your Honor.
4          THE COURT:  State your appearances, please.
5          MR. SILVER:  Daniel Silver for the United States and
6  with me is Joe Markel and Craig Timm from the Justice
7  Department and Alex Solomon from EDNY.
8          THE COURT:  Good morning.
9          MR. KELLEY:  David Kelley, Cahill Gordon & Reindel,
10 on behalf of HSBC.
11         MR. SEYMOUR:  Co-counsel Sam Seymour from Sullivan
12 Cromwell for the defendants.
13         THE COURT:  Good morning.
14         MR SEYMOUR:  Good morning.
15         THE COURT:  Is there any authority -- I realize we
16 have a difference of view on the authority of the Court really
17 with regard to approval or not approval, and I'm wondering, I
18 know your views, any authority out there that you're aware of,
19 whether it's controlling or not?
20         MR. MARKEL:  Not in the diverted prosecution
21 context, no, Your Honor.
22         THE COURT:  Because I'll tell you, my view is you've
23 got the government has the right to bring the charge or not,
24 and no one can question its decision not to bring the charge,
25 at least not here.  In the political arena, I guess they can.

1  And then once it's here, there's essentially a right under --
2  what is it, 48, 49?
3              MR. SILVER:  48.
4              THE COURT:  -- to move to dismiss and I think
5  there's no argument that if you were moving to dismiss, there
6  would be an abuse of discretion not to grant, but you're not
7  doing those things.
8              You know, I think once you elect to dispose of the
9  case by, other than by not bringing the defendant into court,
10 which is what usually happens, you bring the defendant into
11 court, you're not moving to dismiss, you've got it on my radar
12 screen and it's not as if I don't have other cases.  I have
13 plenty of other cases.  I have plenty of stuff to do.
14             Once it's on the court's radar screen, I think the
15 provisions will allow, Section 6(b)(12) will contemplate
16 deferred prosecution in this setting which is you file a
17 charging instrument and you want it hanging around for five
18 years or whatever it is, but I don't think it makes, I don't
19 think the interests indicated by approval requirement for
20 charge parlance, I think all of those interests apply here.
21             You know, if you were to -- it would be odd, for
22 example, if you picked, you know, someone absurdly unqualified
23 to be a model here and even though the case is pending before
24 me, it's part of my case, I wouldn't have any cognizable
25 interest in affecting that selection, for example.

1        So I think once you get on the Court's radar screen,
2   the Court has a little more interest in it.  I don't mean this
3   by way of suggesting that I don't think I am going to approve
4   it, but that threshold question I find pretty interesting and
5   I don't agree with you, but if there's any authority out
6   there, I invite you to bring it to my attention before I go
7   scrounging around for it myself.
8        I take it you didn't find any?
9        Should I take that as a yes?
10            MR. MARKEL:  Yes.
11            THE COURT:  How about over here?
12            MR. SEYMOUR:  Nothing more than we have in our
13   papers, Your Honor.
14            THE COURT:  What do you have in your papers again?
15            MR. SEYMOUR:  It was mainly addressing the Speedy
16   Trial Act which Your Honor is aware which also requires an
17   interest of justice finding.
18            THE COURT:  Yes.
19            MR. KELLEY:  The other thing too was in Worthington
20   before Judge Sprizzo, went up to the Circuit, but that wasn't
21   directly -- the facts aren't the same, but we did say, as it
22   says in the papers, that Rule 11 in this context wouldn't
23   apply because there wasn't a plea de novo.
24            THE COURT:  Right.  Yes.  And even the limited
25   extent to which I think the Court has some traction is a

little weird. The case gets filed, pending felony charge, it's got to be pending for five years, and I take it your point is I can go in there in 3161 and exercise a little authority in there, but that's it.

I grant the Speedy Trial exclusion. That's the limited authority of the court.

MR. KELLEY: Essentially, the way we see it, yes, Your Honor.

THE COURT: Okay. All right. We can respectfully disagree on that.

Anything else on that subject you want to add to your papers?

MR. MARKEL: No, Your Honor.

MR. KELLEY: Your Honor, may we have a moment with counsel?

THE COURT: Yes, sure.

(Pause.)

MR. KELLEY: Thank you, Your Honor.

THE COURT: All right. Would you like to argue orally in support of the approval of your plea agreement or do you want to rest on your papers?

MR. SILVER: Judge, I think we can answer any questions that you have.

MR. MARKEL: Right.

MR. SILVER: I don't think there's anything further

6

1 that we want to say.
2     THE COURT: Okay. How about from you?
3     MR. KELLEY: Likewise, Your Honor. In our papers, I
4 think we put forth a very strong case as to why it's a
5 suitable, appropriate deal that would warrant the approval of
6 the Court.
7     THE COURT: Your statements regarding government has
8 to be held to its promises and the like, I take it there's no
9 spectre that the government is not fulfilling its promises.
10     MR. KELLEY: No, Your Honor. There has not been any
11 indication in that regard.
12     THE COURT: I take that as an assertion to me that
13 there's a reliance interest on the part of your client in this
14 deal that's struck. Is that right?
15     Is that when you're getting at?
16     MR SEYMOUR: Yes, Your Honor.
17     MR. KELLEY: Yes, Your Honor.
18     THE COURT: And I shouldn't go around screwing with
19 that.
20     MR SEYMOUR: Well, that's not the thrust of our
21 argument, Judge.
22     THE COURT: I mean in the sense that there's no
23 spectre here that the government is wilting from its
24 obligations.
25     MR SEYMOUR: No. Our point simply is that if for

```
 1  some reason this agreement was not approved, there's a
 2  different body of law which says the defendant, which is in a
 3  different position obviously than the government, is entitled
 4  to the benefit of its bargain so the deferral part of it is a
 5  matter of sort of the contractual right and reliance based on
 6  the arguments we made.
 7            THE COURT:  Right.  Well, we don't really need to
 8  worry about but if for some reason, the bargain should not be
 9  approved.
10            All right.  Thank you.  Have a good day.
11            MR. SILVER:  Thanks, Judge.
12            MR. MARKEL:  Thank you, Your Honor.
13            MR. KELLEY:  Thank you, Your Honor.
14            Your Honor, can we have just one moment with counsel
15  before we release?
16            THE COURT:  Yes.
17            (Pause.)
18            MR. TIMM:  Your Honor, if we can clarify one thing.
19            I believe last time you excluded time under the
20  Speedy Trial until today and I want to see if that temporary
21  exclusion is still going forward.
22            THE COURT:  Oh, good point.  Is this a motion?
23            MR. TIMM:  Yes.
24            THE COURT:  To exclude time under the Speedy Trial
25  Act?
```

8

1    MR. TIMM:  It is, Your Honor.
2    THE COURT:  On what ground?  On the grounds set
3 forth in the original application?
4    MR. TIMM:  That's right, Your Honor.
5    THE COURT:  Okay.  Granted.
6    And given the complexity of the case and the nature
7 of the deferred prosecution agreement, I'm excluding the time
8 in the interest of justice until further order of the Court.
9    MR. TIMM:  Thank you.
10   MR. SILVER:  Thanks, Judge.
11   MR. KELLEY:  Thank you, Your Honor.
12   THE COURT:  Thank you.  Have a good day.
13   (Matter concluded.)

CMH     OCR     RMR     CRR     FCRR