**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>   )<br>*Plaintiff*, )<br>   )<br>v. )<br>   )<br>HSBC BANK USA, N.A. AND HSBC )<br>HOLDINGS PLC, )<br>   )<br>*Defendants*. ) | No. 12-cr-763 |

**DEFENDANT HSBC'S MOTION TO CERTIFY ORDERS FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. §1292(b) AND TO SEAL MARCH 9, 2016 ORDER**

HSBC respectfully asks the Court (1) to certify its March 9, 2016 and January 28, 2016 orders ("Orders") for interlocutory appeal pursuant to 28 U.S.C. §1292(b), and (2) to seal its March 9, 2016 order, at least in part.

1.      Taken together, the Orders direct the public release of a redacted version of the corporate compliance monitor's First Annual Report ("the Report"), a document prepared exclusively for the Department of Justice to use in exercising its prosecutorial discretion and expressly treated as confidential under the terms of the deferred prosecution agreement ("DPA") between the United States and HSBC. At a status conference on February 9, 2016, the Court expressed its view that HSBC and the Government "ought to be in a position to get appellate review before" the redacted Report is released. Tr. at 4. HSBC appreciates the Court's position on this issue and submits that the best way to ensure meaningful appellate review is to certify the Orders for interlocutory appeal under §1292(b).[1]

---

[1] To be clear, HSBC believes that the Orders are—as explained in our motion for a stay pending appeal—"immediately appealable under the collateral order doctrine." Dkt. 54 at 1, n.1. The Orders satisfy all the requirements of the collateral order doctrine because they are "conclusive," resolve "important questions completely separate from the merits," and "would

1

Under §1292(b), "a district judge, in making in a civil action an order not otherwise appealable under this section," may certify the order for interlocutory appeal if the judge "shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Orders readily satisfy these requirements. They were issued in response to the disclosure dispute initiated by a private citizen, Mr. Hubert Moore, which the Second Circuit has repeatedly characterized as the equivalent of a "civil" action for purposes of interlocutory appellate review. *ABC, Inc.* v. *Stewart*, 360 F.3d 90, 97 (2d Cir. 2004); *United States* v. *Suarez*, 880 F.2d 626, 629 (2d Cir. 1989). The Orders decide a "controlling question of law" with respect to this Court's authority and obligation to order disclosure of the Report, and also with respect to the contours of the ongoing implementation of the DPA more broadly. A "substantial ground for difference of opinion" exists about the Orders' correctness, because—as this Court has acknowledged—the issues are "of first impression in some respects," Tr. at 4, and the Court's position is subject to strong countervailing arguments. More specifically, there are substantial grounds for difference of opinion with respect to at least four aspects of the Orders: (i) the status of the Report as a judicial document, (ii) whether the Report is subject to a First Amendment right of access, (iii) the balance of evidence on the propriety of maintaining the Report under seal, and (iv) the understanding of "supervisory power" embodied in the Orders. Finally, certifying the Orders

---

render such important questions effectively unreviewable on appeal from final judgment in the underlying action." *Digital Equip. Corp.* v. *Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994). Indeed, as the Second Circuit has recognized, orders to unseal confidential information are a quintessential example of a district court decision that "satisfies the requirements of the collateral order doctrine." *SEC* v. *TheStreet.Com*, 273 F.3d 222, 228 (2d Cir. 2001); *see United States* v. *Erie Cty.*, 763 F.3d 235, 239-40 (2d Cir. 2014).

"may materially advance the ultimate termination of the litigation" because it will fully resolve the discovery dispute and may also avoid a lengthy trial by promoting the successful implementation of the DPA.

2. Although the Court's decision to maintain the redacted Report under seal and to stay this matter pending appeal largely preserves the Report's confidentiality, the Court's publicly issued March 9 order block quotes (at 3) and thus discloses a passage from the Report. Given HSBC's position that the Report should be kept confidential in its entirety (and that this passage in particular should have been redacted), HSBC respectfully asks the Court to seal its March 9 order, at least with respect to the quoted passage.

        Respectfully submitted,

        s/Samuel W. Seymour
        Samuel W. Seymour
        Alexander J. Willscher
        SULLIVAN & CROMWELL LLP
        125 Broad Street
        New York, New York 10004
        (212) 558-4000
        seymours@sullcrom.com

        Jeffrey B. Wall
        SULLIVAN & CROMWELL LLP
        1700 New York Avenue, NW
        Washington, DC 20006
        (202) 956-7500
        wallj@sullcrom.com

        *Counsel for Defendants*

March 9, 2016