January 10, 2018

The Honorable Ann M. Donnelly

United States District Judge

United States District Court

Eastern District of New York

225 Cadman Plaza East
Brooklyn, NY 11201

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 18 2018 ★

BROOKLYN OFFICE

Re: Case 1:12cr00763 AMD

Judge Donnelly,

I am writing to you concerning the above referenced case, which concerns both HSBC and the DOJ. As you are aware based on your allowing my prior counsel to withdraw from the case (with my approval), at the time of the joint HSBC/DOJ motion on December 11, 2017, I was *Pro Se* in this case. As such, I should have been informed of the motion to dismiss and, further, should have been allowed the opportunity to present a counter argument to their motion. In addition to the Court, both HSBC and the DOJ were aware of the *Pro Se* situation, as it was recorded on PACER.

I am requesting the Court to re-open this case on the grounds the closure of said case was a violation of my constitutional rights with regards to due process. Specifically under the Fifth Amendment, the DOJ- acting as the 'government'- has, in effect, deprived me of my rights. Further, my due process rights under the Fourteenth Amendment have also been violated.

At a minimum, the Court should hear arguments as to why this case should be closed, especially given the fact that the Monitor has not completed his work (currently scheduled for late Spring/Early Sumer 2018). As shown below, my letter to the Court which was NOT sent, but was requesting that the Court not grant a Rule 48 dismissal. Finally, the Court has the authority to re-open any case when there is new information which is pertinent to the case. With respect to new matter, this is exactly the case that is before the Court.

Based on recent events, i.e. offshore accounts, Panama Papers, Paradise Papers, Gupta family in South Africa, the recent conviction of Mark Johnson for engaging in 'front running' where he avoided internal controls. More importantly the referral by the British government of HSBC's actions to the monitor, as reported in *The Guardian*, November 10, 2017, should serve as an indication that the control failures- which are at the heart of this prosecution- are still "alive and well" at HSBC. The failure of HSBC's internal controls led to the original indictment, as these repeated failures- both on an individual, and systematic level- allowing money laundering around the globe to continue.

As part of the November 10, 2017, edition of *The Guardian*, there are several other individuals associated with the Financial Conduct Authority (FCA) in England whose conduct on behalf of HSBC raise serious questions. For example, Lord Hain supplied the Chancellor of the Exchequer (the equivalent of our Federal Reserve Bank) with documents that documented the issue(s) between HSBC and the Gupta(s). The FCA confirmed that they were aware of the issues and confirmed that the Monitor and the

DOJ had been informed of the potential money laundering- in direct violation of the DPA. Along the same lines, the Chairwoman of the Treasury Select Committee and all standing members were also alerted to these facts. The Chairman of the FCA, George Bailey, was informed of the potential money laundering, again before the DPA had expired. As the FCA is in direct contact with the Monitor, I find it to be quite a stretch to say that the Monitor did not know of the issues at the FCA. Further, as the Monitor is employed directly by both the FCA and DOJ, he would have had a direct obligation to alert the DOJ -and potentially the Court- of these issues.

As a side note, I am waiting on the outcome of the FCA investigation, but the items listed above are of such a grave nature they need to be brought to the Court's attention.

Please see below…..

I am writing to you to insist that you not grant a Rule 48 dismissal of the charges against HSBC in the above case (1:12 cr00763). As an interested party (*Pro Se*) in this case, I have found the behavior of the US Department of Justice (DOJ) to be lacking in the enforcement of the deferred prosecution agreement (DPA), as well as HBSC's execution of their obligations under the DPA- as outlined in the original DPA document.

For example, in the last DOJ letter to the Court, the DOJ highlighted that the DPA expires on December 11, 2017. Further, upon examination of the letters that have formed the basis for the DOJ's continued reluctance to involve the Court are questionable at best. For example, there are multiple examples where HSBC has abrogated the terms of the original DPA, yet the DOJ continues to end each of their letters to the Court with a phrase that states "…the government is unaware of any issues that require the Court's intervention at this time."

Also, The United States House of Representatives, 114th Congress, Hon. Jeb Hensarling, Chairman, produced a report entitled, "Too Big To Jail: Inside The Obama Justice Department's Decision Not To Hold Wall Street Accountable", published July 11, 2016. The appendices prove that the British Government played a direct role in how HSBC was dealt with. Further, this continued behavior played a key role in how HSBC was dealt with in the current situation.

Additionally, to date, the DOJ has submitted approximately 16 update letters to the Court- both under your supervision and Judge Gleeson (ret.). In the vast majority of the status updates, there have been a series of major issues that have been brought to the Court's attention, and each time the DOJ has instructed the Court that "…Court intervention was not required at that time".

To allow a Rule 48 dismissal of this case would be a travesty of justice. While the DOJ has the responsibility to determine who and when to prosecute, the Court's obligation- in turn- has to balance the desires of the DOJ and HSBC- with the public good.

Based on the original DPA, HSBC and the DOJ agreed that multiple areas of internal controls would be evaluated and fixed in such a manner as to prevent any further money laundering capabilities. The attached documents (Appendix A)- based on the DOJ's letter to the Court- (obtained from the DOJ's status reports to the Court on PACER) paint a rather enlightening picture of how the DPA is being evaded. As I said in a much earlier letter, HSBC seems content to "run out the clock" and then get a pass

from the DOJ. As for the DOJ, they continue to 'look the other way' while these transgressions continue to occur.

In a letter to the Court, from the DOJ, dated 4/1/15, the DOJ clearly states that HSBC's overall progress is 'too slow'. Additionally, the DOJ response was that the department stood ready to use all avenues to ensure compliance. To date, this has not happened. [PACER Document 33]

Even as late as June 30, 2017, the DOJ reported "… While noting some improvements in the HSBC's sanctions control environment in 2016, the Monitor found several significant deficiencies in the bank's sanctions control function." The is almost 5 years after HSBC 'promised' to clean up their act with regard to money laundering AND the DOJ approved their work.

After a brief review of the items described above and comparing these items to the terms and conditions that are applied to the "Breach of Agreement" section of the DPA, I cannot understand why the DOJ has not interpreted HSBC's continued actions- with regards to money laundering and internal control failures- as breach(es) and acted accordingly.

I am requesting the Court refuse to grant any Rule 48 dismissal, and further, request oral arguments to determine why the DOJ has chosen not to pursue HSBC in court, as they promised to do at the outset of this case.

All the best,

*Hubert Dean Moore, Jr*

Hubert Dean Moore, Jr

*Pro Se*

Interested Party, Per Judge Gleeson (ret.)

Appendix A

1. Original DPA, Document 3-2, pages 18-20 [Breach of Agreement], dated 12/11/12
    a. Discussion on what constitutes a breach of the agreement, specifically mentioned in Point 16, "...If, during the Term of this Agreement, the Department determines, in its sole discretion, that the HSBC Parties have (b) at any time provided in connection with this Agreement deliberately false, incomplete, or misleading information…"
2. Status Letter from DOJ to the Court, PACER Document 41, dated 10/1/15
    a. "The Monitor continues to identify specific areas… where further remediation is required,
3. Status Letter from DOJ to the Court, PACER Document 82, dated 7/1/16
    a. "The Monitor identified additional areas of weakness and made a number of supplemental suggestions"
4. Status Letter from DOJ to the Court, PACER Document 83, dated 9/30/16
    a. "Through his review, however, the Monitor has identified certain areas of weakness within HSBC's AML and sanctions compliance program where further remediation may be required, including HSBC's processes for identifying payment originator and beneficiary information"
5. Status Letter from DOJ to the Court, PACER Document 84, dated 12/30/16
    a. "..the Monitor has emphasized the need for greater and quicker progress if the bank is to remedy those compliance deficiencies that expose the bank to significant risk of being used to facilitate financial crime."
6. Status Letter from DOJ to the Court, PACER Document 85, dated 3/31/17
    a. "Yet despite these and other accomplishments, the Report finds that the bank's AML and sanction compliance program still struggles. "
    b. "Additionally, although HSBC is the world's leading trade finance bank, and despite a poor review of the bank's trade finance business by the Monitor in 2015, the Report finds that financial crime compliance controls for trade finance transactions are lacking. Similarly, significant financial crime risks remain inherent in the corresponding banking business line. Finally, systemic programming issues continue to put the bank at risk of potential financial crime."
    c. As a result of the Monitor's foregoing concerns and others, he remains unable to certify that the bank's compliance program is reasonably designed and implemented to detect and prevent violations of AML and sanctions laws.
    d. "Nor can the Monitor currently certify that HSBC has implemented and adhered to all of the remedial measures outlined in paragraph 81 of Attachment A of the DPA."
7. Status Letter from DOJ to the Court, PACER Document 88, dated 6/30/17
    a. "While noting some improvements in the HSBC's sanctions control environment in 2016, the Monitor found several significant deficiencies in the bank's sanction control functions."

8. Status Letter from DOJ to the Court, PACER Document 92, dated 9/29/17
    a. "..the Monitor has identified significant control deficiencies.."

Moore
18 Meadow Drive
West Chester, PA 19380

The Honorable Ann M. Donnelly
US District Judge
US District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201